```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF VIRGINIA

                       Alexandria Division

JOSE LUIS ACEVEDO,              )
                                )
     Petitioner,                )
                                ) CRIMINAL NO. 92cr00427
                                ) CIVIL NO. 97cv2080
          v.                    )
                                )
UNITED STATES OF AMERICA,       )
                                )
     Respondent.                )
```

## **M E M O R A N D U M   O P I N I O N**

This matter comes before the Court on motion of Jose Luis Acevedo, pursuant to Rule 60(b), to review the Court's January 22, 1998 Order, which denied Acevedo's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons stated below, the Court will deny Acevedo's motion pursuant to Rule 60(b).

### I. Background

The movant, Jose Luis Acevedo, was convicted by a jury of conspiracy to distribute and possess with intent to distribute five (5) kilograms or more of cocaine and fifty (50) grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846. On February 5, 1993, Acevedo was sentenced to life imprisonment and a five-year term of supervised release. The Fourth Circuit affirmed Acevedo's conviction and sentence on

appeal.  *United States v. Acevedo*, No. 93-5280 (4th Cir. Jan. 6, 1994).  On February 7, 1996, Acevedo's sentence was reduced to 360 months.

On December 29, 1997, Acevedo filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. In a Memorandum Opinion issued January 22, 1998, this Court denied Acevedo's § 2255 motion.  *United States v. Acevedo*, No. 92-427A (E.D. Va. Jan. 22, 1998) (Bryan, J.).  The Court concluded that Acevedo's motion was untimely, as he filed it after the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") had elapsed.

On September 14, 2005, Acevedo filed the present Motion pursuant to Rule 60(b) challenging the integrity of the Court's January 22, 1998 denial of his § 2255 motion.  Acevedo claims that he was entitled to equitable tolling of the AEDPA statute of limitations, and that as such, this Court erred in finding his § 2255 motion to be untimely.  Acevedo's claim of equitable tolling is based on the alleged misconduct of his former attorney, who, according to Acevedo, caused Acevedo's § 2255 motion to be filed after the expiration of the AEDPA limitations period.

## II. Analysis

Acevedo raises his claim pursuant to Rule 60(b). Rule 60(b) allows a party to seek relief from a final judgment or order upon several enumerated grounds, including mistake, newly

discovered evidence, fraud, voidness of the judgment, or satisfaction of the judgment.  Fed. R. Civ. P. 60(b)(1)-(5). Acevedo does not rely on any of the foregoing grounds; therefore, his claim that he was entitled to equitable tolling is encompassed by Rule 60(b)(6), which allows a court to grant relief "for any other reason justifying relief from the operation of a judgment."  Relief under Rule 60(b)(6) requires a showing of "extraordinary circumstances."  *Gonzalez v. Crosby*, 125 S. Ct. 2641, 2649 (2005).  The Supreme Court has noted that "[s]uch circumstances will rarely occur in the habeas context."  *Id.*

Acevedo relies on *Balayaque v. United States*, 338 F.3d 145 (2d Cir. 2003), and *Nara v. Frank*, 264 F.3d 310 (3d Cir. 2001), for his equitable tolling claim.  In *Balayaque* and *Nara*, the Second and Third Circuits respectively held that attorney malfeasance, if sufficiently egregious, could justify equitable tolling of the AEDPA statute of limitations for post-conviction relief.  338 F.3d at 152-53; 264 F.3d at 320.  Acevedo claims that his former attorney's conduct rose to this level of egregiousness when she allegedly told him that she had timely filed his § 2255 motion when she, in fact, had not.  Acevedo also claims that his attorney incorrectly told him that the AEDPA's limitations provisions did not apply to him because he was convicted prior to the enactment of the AEDPA.  Acevedo's motion thus raises two issues:  (1) whether his former attorney's

-3-

misconduct, if true, entitled him to tolling of the AEDPA statute of limitations, and if so, (2) whether the fact that the Court did not account for such tolling constitutes an "extraordinary circumstance" as would require relief under Rule 60(b).

Regardless of the Second and Third Circuits' pronouncements on the first issue, Fourth Circuit precedent makes clear that Acevedo was not entitled to equitable tolling of the AEDPA statute of limitations.  The Fourth Circuit has explained that equitable tolling of the statute of limitations is available only in "those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result."  *Harris v. Hutchison*, 209 F.3d 325, 330 (4th Cir. 2000).  Thus, Acevedo would be entitled to equitable tolling only if he presents (1) extraordinary circumstances, (2) beyond his control or external to his conduct, (3) that prevented him from filing on time.  *See Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc), *cert. denied*, 541 U.S. 905 (2004). *See also United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (applying *Rouse* rule on equitable tolling to a § 2255 Motion).

Assuming the truth of Acevedo's allegations, he has not presented extraordinary circumstances beyond his control or external to his conduct.  First, the Fourth Circuit has held that attorney error does not constitute an extraordinary circumstance

as would require equitable tolling.  *See Rouse*, 339 F.3d at 248.  Second, even if the alleged conduct of Acevedo's former attorney were more egregious than mere attorney error, the circumstances of her actions were not beyond Acevedo's control or external to his conduct.  The actions of Acevedo's attorney were attributable to Acevedo through the standard principles of agency.  *Id.* at 249.

Of course, attorney error that is sufficiently egregious to be considered ineffective assistance of counsel is, as a general matter, not attributable to the client.  The reason for this principle is "'not because . . . the error is so bad that the lawyer ceases to be an agent of the petitioner,' but rather, because 'the Sixth Amendment itself requires that responsibility for the default be imputed to the State.'"  *Id.* at 250 (quoting *Coleman v. Thompson*, 501 U.S. 722, 754 (1991)).  There is, however, no constitutional right to counsel in a federal habeas proceeding.  *See Hunt v. Nuth*, 57 F.3d 1327, 1340 (4th Cir. 1995).  Where there is no constitutional right to counsel, there can be no constitutional ineffective assistance of counsel.  *Rouse*, 339 F.3d at 250.  In the absence of constitutional ineffective assistance of counsel, attorney error is attributable to Acevedo.  *Id.  See also Coleman*, 501 U.S. at 752-53 (holding that attorney error during state habeas proceedings was attributable to the client, as there was no

constitutional right to counsel and thus no viable claim of constitutional ineffective assistance of counsel).

      Because the alleged error of Acevedo's former attorney was attributable to him through agency principles, he has not demonstrated any circumstances beyond his control or external to his conduct.  Accordingly, Acevedo was not entitled to equitable tolling of the AEDPA statute of limitations.  The Court therefore needs not address whether the fact that he did not receive equitable tolling was an "extraordinary circumstance" that would require relief under Rule 60(b)(6).

### III. Conclusion

      For the foregoing reasons, the Court will deny Defendant's motion for review pursuant to Rule 60(b).  An appropriate Order will issue.

October 19, 2005  
Alexandria, Virginia

/s/  
James C. Cacheris  
UNITED STATES DISTRICT COURT JUDGE